UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLGA AGUIRRE | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:17-cv-2369 |
| v. | § | |
| | § | |
| CHEMIUM INTERNATIONAL CORP. | § | JURY DEMANDED |
| | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff OLGA AGUIRRE, by and through her undersigned attorney of record, and sues Defendant CHEMIUM INTERNATIONAL CORP. ("Defendant") for violating federal law.  For cause of action, Plaintiff would show as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1.1.   Plaintiff OLGA AGUIRRE is an individual and is a resident of the State of Texas. Plaintiff resides in Harris County, Texas.

1.2.   Defendant CHEMIUM INTERNATIONAL CORP. is a domestic corporation doing business in the State of Texas.  Defendant can be served with process by serving its registered agent for service of process, Ofer Levy, 1455 West Loop South, Suite 550. Houston, TX  77027.

1.3.   This Court has subject matter Jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), Pregnancy Discrimination Act of 1978, 42 U.S.C. §§ 2000e(k) ("PDA").

1.4. This Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

1.5. Venue is proper in this district under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in such district.

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

2.1. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") in February, 2016, alleging gender/pregnancy discrimination. This action is being commenced within the required statutory time limits as (a) the charge was filed within 180 days of Plaintiff's termination, and (b) this matter is being filed within 90 days of receipt of the "Notice of Suit Rights" issued by the EEOC.

2.2. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## III.   FACTUAL BACKGROUND

3.1. Defendant is a trading company that deals with the buying and selling of crude oil condensates, naphthas, distillates, gasoline components, petrochemicals, and thermoplastic resins.

3.2. Plaintiff became employed by Defendant on, or about, September 14, 2015 as a "Scheduler." As such, her primary job duties included scheduling the delivery and receipt of product as well as certain administrative functions associated therewith.

3.3. While employed by Defendant, Plaintiff's direct supervisor was Rosemary Escamilla.

3.4. Plaintiff had several years of experience as Scheduler in this industry and was very proficient at her job.

3.5. Plaintiff performed her job duties satisfactorily for Defendant.

3.6. On, or about, December 16, 2015, Plaintiff received an email from Mr. Ofer Levy, President of CHEMIUM INTERNATIONAL CORP. in which he stated "I would like to thank you for all your hard work and dedication during your short time at Chemium during 2015." Mr. Ofer went on to say "[y]ou are becoming an important part of this company and for that we are grateful. We are thrilled to have you as part of the Chemium family and relying [sic] on your continued support as we take the company to the next level." She was then awarded a bonus of $10,000 "[a]s a token of appreciation."

3.7. Plaintiff subsequently learned that she was pregnant and on Monday, January 11, 2016, she informed Rosemary Escamilla that she was pregnant.

3.8. Two days later, on Wednesday, January 13, 2016, Ms. Escamilla told Plaintiff that her job performance was deficient. Plaintiff was very surprised at this and asked whether she was being asked to resign. Ms. Escamilla responded that that was Plaintiff's choice.

3.9. Plaintiff did not tender her resignation.

3.10. On Friday, January 15, 2016, Plaintiff received correspondence from Vice President Thomas Holzman informing her that Defendant had "accepted [her] resignation" and that her employment was terminated as of that date.

3.11 Plaintiff did not resign. Her employment was terminated four days after Defendant learned of Plaintiff's pregnancy.

### IV.   CAUSE OF ACTION:   VIOLATION OF TITLE VII

4.1.   Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1.1-3.11 as though fully set forth at length herein.

4.2.   Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under Title VII.

4.3.   Defendant is an "employer" as defined by Title VII and employs fifteen or more employees.

4.4.   Plaintiff was an "employee" as defined by Title VII when she worked for Defendant.

4.5.   During the time that Plaintiff was employed by Defendant, she was subjected to gender discrimination and pregnancy discrimination in violation of Title VII.

4.6.   As described above, Defendant's termination of and denial of employment to Plaintiff because of her pregnancy is in violation of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e(k).

4.7.   As described above, Defendant intentionally and willfully violated Title VII by terminating her employment with Defendant.

4.8.   By illegally terminating Plaintiff, Defendant acted with malice and/or reckless indifference to the statutorily protected rights of Plaintiff.

4.9.   As a result of Defendant's violations of Title VII, Plaintiff has suffered mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and actual damages in the form of lost wages and benefits (past and future), and other losses.

4.10. As a result of these violations of Title VII, Plaintiff requests that she be awarded all compensatory and punitive damages to which she is entitled pursuant to Title VII, as well as all equitable relief, attorney's fees, and costs.

4.11. Injunctive relief is sought pursuant to 42 U.S.C. § 2000e-5(g).

## V. JURY TRIAL DEMAND

5.1 Plaintiff demands a jury trial on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Determining that Defendant engaged in unlawful intentional discriminatory employment practices as alleged herein;
b. Determining that Defendant engaged in discriminatory employment practices with malice or with reckless indifference to the federally protected rights of Plaintiff, and with conscious disregard to such rights;
c. Enjoining Defendant from engaging in such unlawful employment practices and reinstating Plaintiff;
d. Awarding Plaintiff back pay;
e. Awarding Plaintiff front pay;
f. Awarding Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;
g. Awarding Plaintiff punitive damages;
h. Awarding Plaintiff pre- and post-judgment interest;
i. Awarding Plaintiff pecuniary damages for costs related to seeking subsequent employment;
j. Awarding Plaintiff costs and expenses, including reasonable attorney's fees and expert's fees; and

k. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under Title VII.

>Respectfully submitted:
>
>By: */s/ David G. Langenfeld*
>**David G. Langenfeld**
>Attorney-in-Charge
>State Bar No. 11911325
>Fed. ID No. 15878
>LEICHTER LAW FIRM
>1602 East 7th Street
>Austin, TX  78702
>Tel.:  (512) 495-9995
>Fax:   (512) 482-0164
>Email:  david@leichterlaw.com
>
>**ATTORNEYS FOR PLAINTIFF**